IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE CANNON, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v.  } | 2:14-CV-01560-WMA |
| } | |
| SEARS ROEBUCK & CO., et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case comes before the court on a motion to dismiss by defendant Sears Roebuck and Co. and defendant Ortill, Inc. alleging plaintiff fails to state a claim upon which relief can be granted for damages for mental anguish or emotional distress.

In Alabama, mental anguish damages "are subject to strict scrutiny if the plaintiff ha[s] **not suffered** any physical injury," however where plaintiff **suffers** physical injuries, the "principle . . . does not apply" and the degree of damages is left to the discretion of the jury. *Daniels v. E. Alabama Paving, Inc.*, 740 So. 2d 1033, 1044 (Ala. 1999). Further, while generally mental anguish damages are not recoverable arising from breach of contract, Alabama courts have **excepted** from this general rule recovery for such damages arising under a breach of warranty theory of products liability. *Volkswagen of Am., Inc. v. Dillard*, 579 So. 2d 1301, 1304 (Ala. 1991).

In this case, plaintiff alleges damages for emotional distress

and mental anguish under both a theory of physical, personal injury and a theory of breach of warranty in products liability. Factually, plaintiff alleges "[e]xtreme mental anguish and emotional distress" after being "struck below the right eye by a fragment of the hand held sledge hammer he was using." (Doc. 1, Ex. A at 2-3). For the purposes of a motion to dismiss for failure to state a claim, the court accepts plaintiff's well-pled facts as true and draws all reasonable inferences in his favor. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Therefore, plaintiff's complaint contains factual allegation[s] sufficient to plausibly suggest" a claim upon which recovery for damages for emotional distress or mental anguish may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). Defendants motion to dismiss is **DENIED**.

    DONE this 22 day of September, 2014.

                                                  _____

                                                  WILLIAM M. ACKER, JR.

                                                  UNITED STATES DISTRICT JUDGE